**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Nikko Carlos Vega,<br><br>*Plaintiff*,<br><br>- against -<br><br>Carey Limousine NY, Inc.; Carey International, Inc.; Gary L. Kessler; Sally A. Snead; Ramon R. Kamel, Mitchell Lahr and John Does #1-10,<br><br>*Defendants*. | Case No.<br><br>**COMPLAINT w/Jury Demand** |

Plaintiff Nikko Carlos Vega ("Plaintiff") by his undersigned attorney, Mohammed Gangat, Esq., upon personal knowledge as to himself, and information and belief as to all other matters, brings this action against Carey Limousine NY Inc. ("Carey NY"); Carey International, Inc. ("Carey International"); Gary L. Kessler ("Kessler); Sally A. Snead ("Snead"); Ramon R. Kamel "Kamel", Mitchell Lahr "Lahr" and JOHN DOES #1-10 (together "Defendants" or "Carey") as follows:

## NATURE OF ACTION

1. This is an action on behalf of Plaintiff Nikko Carlos Vega individually and on behalf of other persons working for Defendants Carey Limousine NY, Inc., Carey International, Inc., Kessler, Snead, Kamel and Lahr for unpaid wages, breach of contract damages, and other relief. Carey NY and Carey International (together "Carey") provide luxury car and limousine transportation services, mainly in the New York City metropolitan area. These two entities are a single integrated enterprise. Upon information and belief, Carey receives its entire income and revenue through providing transportation services, primarily through the proposed class of workers who drive cars on its behalf.

2. Plaintiff and similar drivers worked for Carey as drivers throughout the New York

City area. Throughout the relevant time period, Carey has controlled the terms and conditions of Plaintiff's employment, and the employment of similarly situated drivers, by, among other things: directing which customers the drivers should pick up, at what time, and at what location; determining the work schedule of Plaintiff and the other drivers by coercing drivers to work specified days (including weekends) and nights, and for specified lengths of time; setting the prices of all fares; controlling the payment of drivers' wages; mandating that drivers wear specified articles of Carey-specific clothing and wear black suits; mandating the use of certain vehicle models in certain colors and the use certain dispatch equipment and proprietary dispatch software; and creating extensive rules and regulations for drivers, breach of which allows the Company to terminate a driver's employment without returning to the driver the extremely large "base fee" payment that the driver was required to pay Carey for the privilege of working for Carey.

3. By willfully and unlawfully misclassifying its drivers as "independent contractors", Carey has denied them benefits that the law affords to employees. In particular, Carey has: failed to reimburse or indemnify drivers for employment-related expenses and losses; taken wrongful deductions from drivers' wages; coerced drivers to purchase necessary services and items; failed to pay drivers' actual hours works, as required by federal and New York Law. Upon information and belief, this misclassification policy has been in effect since before the relevant state and federal statutory periods.

4. This lawsuit seeks payment of all unpaid overtime and minimum wage compensation, together with liquidated damages and interest, and the recovery of all unlawful deductions that Carey has taken from the wages of Plaintiff, pursuant to the Fair Labor Standards Act ("'FLSA"). Plaintiff also seeks attorneys' fees and costs.

5. Plaintiff also brings claims pursuant to the New York State Labor Law ("NYSLL"),

which provides for payment of overtime and minimum wages to employees and prohibits unlawful deductions from employees' wages. *See* NYSLL §§ 190 *et seq.; id.* §§ 650 *et seq.*

6. Plaintiff also brings breach of contract claims because Carey has systematically underpaid Plaintiff less than the agreed compensation in their contract and has charged drivers for fees in violation of the Plaintiff's contract.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction because Plaintiffs bring claims under the Fair Labor Standards Act, 29 U.S.C. § 216(b). *See* 28 U.S.C. § 1331.

8. This Court has subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367(a), in that the state law claims are so related to Plaintiff's FLSA claims as to be part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper within this District pursuant to 28 U.S.C. § 1391 because Defendant Carey N.Y.'s primary place of business is in this District and Defendant Carey International is doing business in this District and, therefore, resides in this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391, because a substantial part of the events and omissions giving rise to the claims occurred within this District.

10. This Court has personal jurisdiction over Defendant Carey N.Y. because Carey N.Y. has its principal place of business in New York. This Court has personal jurisdiction over Carey International, because, upon information and belief, Carey International operates Carey N.Y. and is engaged in a continuous and systematic course of doing business in New York and transacts business in New York that forms the basis of this suit.

## PARTIES

11. Plaintiff Nikko Carlos Vega ("Vega") is a resident of the Bronx, New York,

Defendants employed Vega as a driver in or around August 2016 and this employment ended in or about November 2018.

12. Defendant Carey International, Inc. is a Delaware corporation with its headquarters located at 4530 Wisconsin Avenue NW, Suite 500, Washington, D.C., 20016. Carey International describes itself as the top limousine service in the world, with offices worldwide.

13. Defendant Carey Limousine N.Y., Inc. is a Delaware corporation with its principal place of business at 27-10 49th Avenue, Long Island City, NY, 11101. Carey Limousine N.Y., Inc. is, upon information and belief, a subsidiary of Carey International. Carey N.Y. is registered with the New York Department of State to do business in New York and has an agent for service of process in this state.

14. Upon information and belief, Defendants GARY L. KESSLER and SALLY A. SNEAD ("Individual Defendants") are each an officer, director and/or managing agent of the Corporate Defendant Carey NY, whose address is unknown at this time and who participated in the day-to-day operations of Carey NY and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder and is jointly and severally liable with the Corporate .

15. Upon information and belief, during the prior 3 years, the Individual Defendants had authority over the Corporate Defendant's management, supervision, and oversight of the Corporate Defendant's affairs in general and exercised operational control over the Corporate Defendants' porter/janitorial employees and other employees and their decisions directly affected the nature and condition of such employees' employment.

16. Upon information and belief, during the prior 3 years, the Individual Defendants each (1) had the power to hire and fire employees of the Corporate Defendant, (2) controlled the

employees' schedules and conditions of employment, (3) determined the rate and method of payment of the employees, and (4) maintained employment records related to the employees.

17. Defendants Does 1-10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes, and thereon alleges, that each of the factiously named Defendants is responsible in some manner for the occurrences herein alleged, and that the damages sustained by Plaintiff was proximately caused by such Doe Defendants.

18. Plaintiff was informed, believes, and thereon alleges, that each of the Defendants herein was, at all times relevant to this action, the agent, representing partner, and/or joint venture of the other Defendant. Plaintiff is further informed, believes, and thereon alleges, that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein.

## FACTUAL ALLEGATIONS

19. Defendants operate a luxury car and limousine transportation business, using an integrated network of transportation, communication, and dispatch facilities.

20. During the relevant periods, upon information and belief, Carey N.Y. has employed over one hundred Drivers to pick up, transport, and drop off passengers, at times and locations, and for prices, determined by Defendants. The Drivers transport passengers to and from the major commercial airports in the New York City metropolitan area, including John F. Kennedy Airport, LaGuardia Airport, and Newark Airport. The Drivers also transport passengers on other non-airport runs that are contracted between Defendants and their customers.

21. Plaintiff at all relevant times were covered employees within the meaning of the FLSA and NYLL.

22.     Plaintiff Vega was employed by Defendants from about August 2016 continuously until November 2018. His rate was $12 an hour and was never paid the overtime premium when he worked over 40 hours a week under the FLSA and NYLL.

23.     Plaintiff also did not earn the proper Minimum wage when he worked in 2018 for the Defendants under the NYLL.

24.     Plaintiff Vega's work schedule was generally from Monday through Saturday. His day would begin at 4am and he would work until there were no more rides to give which would generally end around sometime between 5pm and 7pm. Plaintiff would log on to the company's mobile phone app to locate his schedule for the day.

25.     His schedule was determined and set daily through the company's phone application "Carey."

26.     Although Plaintiff received a form of a pay stub, it never reflected the hours he worked, nor did it clearly explain what his wages were due to the several deductions taken out by the Defendants in accordance to New York Labor Law § 195.

27.     Although the clients routinely paid gratuity through the mobile phone app, Plaintiff never received any of the gratuities. The Defendants promised that he would receive tips/gratuities but never received those payments in violation of NYLL § 196-d .

28.     Plaintiff Vega's wages varied every pay cycle due to the schedule, but it ranged from $800 to $1400 a week. He was paid every two weeks.

29.     Defendants retained and exercised extensive control over the day-to-day work of the Plaintiff. The Plaintiff was assigned specific customers and locations and times for picking them up and dropping them off each day, through The Carey mobile application. The Plaintiff was only allowed to pick up the assigned customers and was not allowed to pick up customers on his own.

6

30. Upon information and belief, the Plaintiff and Drivers were required to accept jobs assigned to them by Defendants through the Carey mobile application, or the Drivers would be punished by getting sent home without any more work for the day.

31. Upon information and belief, the Plaintiff had to pay his own gas and tolls in his last two months of employment which went against the original agreement with the Defendants and thus was an illegal wage deduction in violation of NYLL § 193.

32. Plaintiff and the Drivers would be punished if they arrived late to an assignment. The Defendants would then cancel their assignments for the day and send them home.

33. Upon information and belief, during the relevant time period, the Plaintiff would routinely work more than ten hours a day and more than 40 hours a week. They have been required by Carey to work late nights, weekends, and holidays.

34. Defendants control the compensation paid to the plaintiff and the other Drivers. Defendants unilaterally set the prices charged to customers for the services rendered by the Drivers. Regardless of what the Defendants pay the customers, The Defendants paid the plaintiff $12 per hour. The Plaintiff had no control over the rates charged to Defendants' customers.

35. Plaintiffs and similarly situated Drivers perform the services that are the central, essential portion of Defendants' business: providing and operating the vehicles that transport Defendants' customers.

36. Despite Defendants' pervasive control over the Drivers' work, Defendants have uniformly classified and treated the Drivers as non-employee "independent operators."

37. As a result of Defendants misclassifying Plaintiff as an "independent operator," and the long hours Defendants have required Plaintiff to work, Defendants have willfully and knowingly failed to pay premium overtime compensation to Plaintiff and other drivers for hours

7

worked in excess of 40 hours per week.

38. As a result of Defendants misclassifying Plaintiff as an "independent operator," the Defendants have failed to pay minimum wage compensation to Plaintiff for all hours worked.

39. As a result of Defendants misclassifying Plaintiff as an "independent operator," Defendants have willfully and knowingly failed to pay an additional spread of hour's pay at the minimum hourly wage rate for each day on which Plaintiff worked ten or more hours.

40. As a result of Defendants misclassifying Plaintiff as an "independent operator", Defendants have failed to itemize the total hours worked on wage statements furnished to Plaintiff. In addition, Defendants have failed to provide an annual notice that must be provided to employees containing information required by New York Law.

41. Plaintiff is informed, believes, and on that basis alleges, that as a result of Defendants misclassifying Plaintiff as an "independent operator," Defendants have not properly maintained payroll records showing the actual hours worked each day by Plaintiff.

42. As a result of Defendants misclassifying Plaintiff as an "independent contractor," Defendants have willfully and knowingly failed to pay Plaintiff, upon termination of employment, all accrued compensation due.

## Collective Action Allegations

43. Plaintiff brings this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly- situated employees are:

**Collective Class**: All persons who worked as drivers for Carey N.Y. during the period commencing three years prior to the filing of the action through the entry of final judgment in this action.

44. Upon information and belief, Defendants suffered and permitted Plaintiff and the

Collective Class to work more than 40 hours per week without overtime compensation, and at a rate sometimes below the minimum wage.

45. Defendants' unlawful conduct has been repeated and consistent.

46. Upon information and belief, Defendants knew that Plaintiff and the Collective Class performed work that required overtime pay. Defendants have operated under a scheme to deprive these employees of appropriate overtime compensation

47. Upon information and belief, Defendants knew that Plaintiff and the Collective Class members were not paid the minimum wage for hours worked. Plaintiffs and the Collective Class members routinely earned below minimum wage as a result of the expenses and deductions that Defendants required Plaintiffs and the Collective Class members to bear.

48. Defendants misclassified Plaintiff and the Collective Class members as independent contractors who were not offered the protection of Federal minimum wage and overtime laws. Defendants misrepresented to these employees that they were independent contractors and therefore not entitled to minimum wages or overtime pay.

## Class Action Allegations

49. Plaintiff brings the New York law claims alleged herein as a class action on behalf of all persons who worked as Drivers for Carey N.Y. during the Class Period covered herein who opted out of the class action settlement agreement in the action Lim, et. al. v. Carey Limousine NY, Inc., et. al. 16 Civ. 05554 (S.D.N.Y.)(filed on July 12, 2016) ("Prior Action"). Plaintiff seeks to pursue his claims on behalf of the following class:

> New York Class: All persons who worked as drivers for Carey N.Y. during the period commencing six years prior to the filing of the action.

50. The New York class claims may properly be maintained as a class action under

Rule 23 of the Federal Rules of Civil Procedure. The claims satisfy the requirements of Rule 23, and the proposed Class is easily ascertainable.

51. Numerosity: The Proposed Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendants employed over one hundred people who satisfy the definition of the New York Class Members.

52. Typicality: Plaintiff's claims are typical of those of the New York Class Members. Plaintiffs, like other Class Members, worked as a Driver for Defendants and was misclassified as an independent contractor. Plaintiff and the Class Members have all sustained similar damages in that they have been under-compensated due to Defendants' misclassification of them. Plaintiff's duties were typical of the Class, and Plaintiff was subject to the same common policies and practices by which Defendants controlled the conduct of other Class Members. Like other Class Members, Defendants paid Plaintiff a lower amount than he was promised under his contracts with Carey NY.

53. Adequacy: Plaintiff is a member of the Class, does not have any conflicts of interest with the Class, and will prosecute the case vigorously on behalf of the Class. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel competent and experienced in complex class actions, and in particular, misclassification litigation.

54. Commonality: There are questions of law and fact common to Plaintiff and the Class Members that predominate over any question affecting only individual members of the class. These common questions of law and fact include, without limitation:

55. Whether the Class Members have served Defendants as employees rather than independent contractors under New York law;

56. Whether the Class Members have necessarily incurred employment- related

expenses and losses in carrying out their duties for Defendants, and whether Defendants have knowingly and intentionally failed to indemnify the Class Members for those expenses and losses in violation of NYSLL § 193;

57. Whether Defendants have knowingly and intentionally made improper deductions from the compensation paid to the Class Members in violation of NYSLL § 193;

58. Whether Defendants have required, encouraged, or permitted the Class Members to work in excess of 40 hours per week;

59. Whether Defendants knew or should have known that the Class Members regularly worked over 40 hours per week;

60. Whether Defendants have knowingly and intentionally failed to pay the Class Members minimum wage for all hours worked in violation of NYSLL § 652;

61. Whether Defendants have failed to pay the Class Members overtime wages for time worked in excess of 40 hours per week in violation of NYSLL § 652 and 12 NYCRR § 142-2.2;

62. Whether Defendants have knowingly and intentionally failed to pay the Class Members spread of hours pay in violation of NYSLL § 652 and 12 NYCRR § 142-2.4;

63. Whether Defendants have knowingly and intentionally failed to provide the Class Members with an annual notice for employees containing information regarding conditions and terms of employment, as required by NYSLL § 195;

64. Whether Defendants have knowingly and intentionally failed to provide the Class Members with itemized statements showing total hours worked with each payment of wages, as required by NYSLL § 195;

65. Whether Defendants have knowingly and intentionally breached their contracts with Class Members by paying them less than the agreed percentage of the fees

66. The nature and extent of class-wide injury and the measure of damages for those injuries.

## FIRST CAUSE OF ACTION

### COUNT I: FLSA – Overtime
*Brought on behalf of Plaintiffs and the Proposed FLSA Collective*

67. Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as if set forth fully herein.

68. Plaintiff consents in writing to be party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiffs' written consent form is attached hereto.

69. At all relevant times, notwithstanding Defendants' classification of Plaintiff and other drivers as independent contractors, Defendants exercised control over the terms and conditions their work so that they were actually "employees" within the meaning of 29 U.S.C. § 203(d).

70. Defendants, through integrated operations, were Plaintiff's "employers" within the meaning of 29 U.S.C. § 203(d).

71. Defendants, as owners, officers and/or management of Defendants, were responsible for the wage and hour practices complained of herein and are therefore considered "employers" within the definition of 29 U.S.C. § 203(d).

72. Plaintiffs and the Drivers directly facilitated the movement of passengers engaged in business that included interstate transactions, and also transported passengers across state lines. Plaintiffs and the Drivers are therefore employees "engaged in commerce or in the production of goods for commerce" as defined in 29 U.S.C. §§ 206(a), 207(a).

73. Defendants' operations, individually and collectively, constitute an "enterprise" as defined in 29 U.S.C. § 203(r). The annual gross volume of sales made, or business done

by Defendants' operations, individually and collectively, is in excess of $500,000. Accordingly, Defendants are an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1).

74. Plaintiffs and the Proposed FLSA Collective members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

75. Defendants failed to pay Plaintiffs and the Proposed FLSA Collective members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

76. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Proposed FLSA Collective members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

77. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Proposed FLSA Collective members the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment overtime compensation would financially injure Plaintiffs and the Proposed FLSA Collective.

78. Defendants have failed to properly make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including

29 U.S.C. §§ 21 l(c) and 215(a).

79. Defendants failed to properly disclose or apprise Plaintiffs and the Proposed FLSA Collective members of their rights under the FLSA.

80. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Proposed FLSA Collective members are entitled to liquidated damages pursuant to the FLSA.

81. Due to the reckless, willful and unlawful acts of Defendants, Plaintiff and the Proposed FLSA Collective members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

82. Plaintiffs and the Proposed FLSA Collective members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

### COUNT II: NYLL – Minimum Wage, Overtime, Spread-of-Hours Pay
*Brought on behalf of Plaintiffs and the Proposed Rule 23 Class*

83. Plaintiff re-allege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

84. Defendants employed Plaintiff and the Rule 23 Proposed Class members within the meaning of New York Labor Law §§ 2 and 651.

85. Defendants knowingly and willfully violated the rights of the Plaintiff and the Rule 23 Proposed Class members by failing to pay Plaintiff and the Rule 23 Proposed Class members the applicable minimum wage for all straight time hours worked and required overtime compensation at the rate of time and one-half for each hour worked in excess

of forty (40) hours in a workweek under the NYLL.

86. Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

87. Defendants knowingly and willfully violated the rights of Plaintiffs and the Rule 23 Proposed Class members by failing to pay "spread of hours" premium to Plaintiffs and the Rule 23 Proposed Class members for each day they worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

88. Defendants failed to properly disclose or apprise Plaintiffs and the Rule 23 Proposed Class members of their rights under the New York Labor Law.

89. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

90. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

91. At the time of their hiring, Defendants failed to notify Plaintiffs and the Rule 23 Proposed Class members of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

92. Due to the Defendants' New York Labor Law violations, Plaintiffs and the Rule 23 Proposed Class members are entitled to recover from Defendants the difference between their actual wages and the amounts that were owed under the New York Labor law. The

deficiency accounts for minimum wage for all straight time hours, overtime compensation for all overtime hours, "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law§§ 663(1), 198.

93. Plaintiffs and the Rule 23 Proposed Class members are also entitled to liquidated damages pursuant to New York Labor Law§ 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

### THIRD CAUSE OF ACTION

**COUNT III: NYLL - Annual Wage Notice and Periodic Wage Statements**
*Brought on behalf of Plaintiffs and the Proposed Rule 23 Class*

94. Plaintiffs re-alleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

95. Defendants have willfully failed to supply Plaintiff and the members of the Rule 23 Class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by the Plaintiff and the members of the Rule 23 Class as their primary language, containing Plaintiff's and the members of the Rule 23 Class' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus

such other information as the commissioner deems material and necessary.

96. Through their knowing or intentional failure to provide Plaintiffs and the members of the Rule 23 Class with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

97. Defendants have willfully failed to supply Plaintiffs and the members of the Rule 23 Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

98. Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

99. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars each day that Defendants failed to provide Plaintiffs and the members of the Rule 23 Class with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b ).

100. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the

members of the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiffs and the members of the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## FOURTH CAUSE OF ACTION

### Failure to Pay Tips and Gratuities
### (Brought on behalf of Plaintiff and the New York Class)

101. Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as if set forth fully herein.

102. Plaintiff was promised tips and gratuities by the Defendants during his employment with the company. Although the customers would routinely add gratuities through the Carey mobile application, the Plaintiff never received those gratuities in violation to NYLL § 196-d.

103. The Defendants owe the Plaintiff the tips that were earned during his period of employment with the company.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, respectfully requests that this Court enter judgment:

a. certifying the above-described New York Class as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. designating Plaintiff as representative of the Rule 23 Class, and counsel of record as Class Counsel;

c. providing class notice to all Class Members;

d. determining that this action may be maintained as a collective action under 29 U.S.C.

§ 216(b) of the FLSA;

e. declaring that the acts and practices complained of herein are in violation of the FLSA and the NYSLL.

f. awarding Plaintiff and the Class Members all unpaid wages due as a result of Defendants' violations of the minimum wage provisions of the FLSA and the NYSLL;

g. awarding Plaintiff and the Class Members all unpaid wages due as a result of Defendants' violations of the overtime provisions of the FLSA and the NYSLL;

h. awarding Plaintiff and the Collective Class Members liquidated damages under 29 U.S.C. § 216(b);

i. awarding Plaintiff and the New York Class Members liquidated damages under NYSLL § 663;

j. awarding Plaintiff and the Class Members all wages that were unlawfully deducted from his paychecks;

k. awarding Plaintiff and the Class Members damages for all wages that were not timely paid;

l. awarding Plaintiff and the New York Class Members liquidated damages as provided for in NYSLL § 198;

m. awarding Plaintiff and the New York Class Members an additional hour's pay at the minimum wage rate for each day on which Plaintiff worked ten or more hours, as provided in 12 NYCRR § 142-2.4 and NYSLL § 663;

n. awarding Plaintiff and the New York Class Members liquidated damages for all spread of hours pay pursuant to NYSLL § 663;

o. awarding Plaintiff and the New York Class Members statutory damages per

day/week for each day/week Defendants failed to provide appropriate notification pursuant to NYSLL § 195;

    p. awarding Plaintiff damages for Defendants' breaches of contract;

    q. awarding Plaintiff and the New York Class Members damages for Defendants' unjust enrichment from collecting insurance premiums; and

    r. granting such other and further relief as this Court deems proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
       October 23, 2020

**LAW OFFICE OF MOHAMMED GANGAT**

By:   */s/ Mohammed Gangat*
      Mohammed Gangat, Esq.
      675 3rd Avenue, Suite 1810
      New York, NY 10017
      (718) 669-0714
      mgangat@gangatllc.com

*Attorneys for Plaintiff Nikko Carlos Vega*