UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
NIKKO CARLOS VEGA,                              :
                                                :
                              Plaintiff,         :
                                                :         REPORT AND
              -against-                          :         RECOMMENDATION
                                                :
CAREY LIMOUSINE NY, INC., CAREY                  :         No. 20-CV-05121-CBA-JRC
INTERNATIONAL, INC., GARY L. KESSLER,            :
SALLY A. SNEAD, RAMON R. KAMEL, and             :
MITCHELL LAHR,                                   :
                                                :
                              Defendants.        :
------------------------------------------------------------------ x

JAMES R. CHO, United States Magistrate Judge:

Plaintiff Nikko Carlos Vega ("plaintiff" or "Mr. Vega") commenced this wage and hour

action alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor

Law ("NYLL").  *See* Compl., Dkt. 1.  Initially represented, Mr. Vega's counsel withdrew from

the case after Mr. Vega ceased all communications with him.  Mr. Vega subsequently failed to

appear for multiple Court appearances.

On referral from the Honorable Carol B. Amon is the question of whether Mr. Vega's

case should be dismissed for failure to prosecute.  *See* Dkt. entry dated 8/23/2021.  As set forth

below, this Court recommends that the case be dismissed without prejudice in light of Mr.

Vega's failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure

("Rule").

**Background**

On October 23, 2020, plaintiff, then represented by Mohammed Gangat ("Gangat"),

brought this action against Carey Limousine NY, Inc., Carey International, Inc., Gary L. Kessler,

Sally A. Snead, Ramon R. Kamel, Mitchell Lahr and unnamed John Doe defendants

(collectively, "defendants").  *See* Compl., Dkt. 1.  On October 27, 2020, after summonses were issued, the Court entered an order requiring the parties to exchange limited discovery and engage in early settlement discussion.  *See* Order in FLSA Case:  Initial Pretrial Discovery and Mediation Schedule, Dkt. 6.

On November 24, 2020, counsel filed an appearance on behalf of defendants Carey Limousine NY, Inc., and Carey International, Inc. (hereafter, "Carey defendants").  *See* Dkt. 9. Over the next five months, the Carey defendants sought, on consent, multiple requests for extensions to answer, move or otherwise respond to the complaint.  *See* Dkts. 10-15.  This Court granted the Carey defendants' requests.  *See* Dkt. entries dated 11/25/2020, 12/28/2020, 1/12/2021, 1/27/2021, 2/26/2021, and 3/29/2021.

On April 30, 2021, the Carey defendants filed another request for an extension of time to respond to the complaint.  *See* Dkt. 16.  In the letter, counsel for the Carey defendants informed the Court that plaintiff's counsel had lost contact with plaintiff and that counsel intended to withdraw from the case.  *See* Dkt. 16.  In response to the letter, this Court scheduled a status conference for May 10, 2021 in anticipation of plaintiff's counsel's motion to withdraw as counsel.  *See* Dkt. entry dated 5/4/2021.

Plaintiff's counsel failed to appear for the May 10, 2021 conference.  *See* Dkt. entry dated 5/10/2021.  At the conference, counsel for the Carey defendants again informed the Court that plaintiff's counsel intended to withdraw from the case.  *See id.*  On May 18, 2021, plaintiff's counsel moved to withdraw as counsel, asserting that Mr. Vega had ceased all communications with counsel, rendering further representation impossible.  *See* Declaration of Mohammed Gangat Esq., Dkt. 18-1, at ¶¶ 3-4.

On May 19, 2021, this Court scheduled a conference for June 3, 2021 to address

plaintiff's counsel's motion to withdraw and directed plaintiff to appear.  *See* Dkt. entry dated 5/19/2021.

On June 3, 2021, this Court held a conference.  Plaintiff's counsel appeared; plaintiff failed to appear even though he had been notified of the conference.  At the conference, this Court granted plaintiff's counsel's motion to withdraw, stayed the case until July 22, 2021 to give plaintiff an opportunity to appear *pro se* or secure new counsel, and scheduled a conference for July 22, 2021.  *See* Dkt. entry dated 6/3/2021.  Plaintiff's outgoing counsel, Mr. Gangat, served a copy of the June 3, 2021 Order on plaintiff by mail and email, and notified plaintiff of the Order by text message.  *See* Dkt. 22.  The Court further extended the Carey defendants' time to answer or otherwise respond to the complaint.  *See* Dkt. entry dated 6/7/2021.

Plaintiff failed to appear for the July 22, 2021 conference even though he had been notified of the conference.  This Court scheduled another conference for August 19, 2021, to give plaintiff one last opportunity to appear.  *See* Dkt. entry dated 7/22/2021.  Given that plaintiff had now missed two consecutive conference, where he had been ordered to appear, this Court warned plaintiff that failure to appear at the August 19, 2021 conference could result in a recommendation that the Court dismiss his case for failure to prosecute.  *See id*.  Defendants' counsel served a copy of the July 22, 2021 Order on plaintiff by FedEx and email.  *See* Dkt. 27.

On August 19, 2021, plaintiff failed to appear for the third time for the court conference even though he had received notice of the conference.  *See* Dkt. entry dated 8/19/2021.  On August 23, 2021, the Carey defendants moved to dismiss this action on the grounds that Mr. Vega had failed to pursue this litigation and had otherwise failed to prosecute his case.  *See* Dkt. 30.  The Carey defendants served a copy of their motion on plaintiff.  *See* Dkt. 31.

On August 23, 2021, the Honorable Carol B. Amon referred defendants' motion to

3

dismiss to the undersigned magistrate judge for a Report and Recommendation.  *See* Order Referring Motion dated 8/23/2021.  On August 24, 2021, this Court ordered plaintiff to respond to the Carey defendants' motion by September 7, 2021.  *See* Dkt. entry dated 8/24/2021. Plaintiff failed to respond to the Carey defendants' motion.

Despite the Court's Orders dated May 19, June 3, July 22, and August 24, including warnings that the Court would recommend dismissal for failure to prosecute, plaintiff has failed to appear for Court conferences, respond to the Carey defendants' motion to dismiss or take any action to prosecute his claims.  It appears that plaintiff has abandoned this action.

## Discussion

### A.    Legal Standard

Rule 41(b) authorizes the district court to dismiss a complaint "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."  Fed R. Civ. P. 41(b); *see also LeSane v. Hall's Sec. Analyst, Inc*., 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute.").  Even though *pro se* litigants "must be afforded a certain amount of latitude, they are still required to attempt to comply with procedural rules, especially when they can be understood without legal training or experience."  *Yadav v. Brookhaven Nat'l Lab*., 487 F. App'x 671, 672 (2d Cir. 2012); *see also Robinson v. Sposto*, No. 13 Civ. 3334, 2014 WL 1699001, at *1 (E.D.N.Y. Apr. 24, 2014) ("Courts have repeatedly found that dismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives." (internal quotations omitted)).  In considering whether dismissal for failure to prosecute is proper, courts consider the following factors:

> (1) the duration of plaintiff's failures or non-compliance; (2) whether plaintiff has notice that such conduct would result in dismissal; (3) whether prejudice to the

4

> defendant is likely to result; (4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving a fair chance to be heard; and (5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 222 F.3d 52, 62-63 (2d Cir. 2000). "[N]o one factor is dispositive" when analyzing dismissal under Rule 41(b). *See Nita v. Conn. Dep't of Env. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994); *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993) ("dismissal for want of prosecution is a matter committed to the discretion of the trial judge" and "the judge's undoubtedly wide latitude is conditioned by certain minimal requirements." (internal quotation marks and citation omitted)); *Miller v. Dep't of Corrs.*, No. 07 Civ. 7584, 2009 WL 564926, at *2 (S.D.N.Y. Mar. 5, 2009) ("district court is not required to discuss each factor in dismissing a case as long as an explanation is given for the dismissal." (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

### B.    Plaintiff's Failure to Prosecute

Applying the standards set forth above, this Court recommends granting the Carey defendants' motion to dismiss Mr. Vega's complaint pursuant to Rule 41(b) for his failure to prosecute this action.

First, Mr. Vega has taken no action in this case since at least May 18, 2021, if not longer, when Mr. Gangat moved to withdraw as his counsel. *See* Dkt. 18.  The Court approved his counsel's withdrawal motion on June 3, 2021, resulting from Mr. Vega's decision to cease all communications with counsel.  Since that time, Mr. Vega has not participated in any way in this action.  Mr. Vega has failed to respond to multiple Orders directing him to appear or respond to the Carey defendants' motion to dismiss. *See* Orders dated 5/19/2021, 6/3/2021, 7/22/2021, and 8/24/2021.

Second, Mr. Vega has been provided with notice from this Court regarding the

5

consequences of his inaction.  *See* Dkt. entries dated 7/22/2021 ("failure to appear at scheduled conferences and failure to follow the Court's Orders may result in a recommendation to the District Judge that the case be dismissed for failure to prosecute"), 8/24/2021 ("Plaintiff's failure to respond to defendants' motion may result in dismissal of this action."); *see also* Dkt. 22.  The relevant Orders were served on Mr. Vega at his last known address, and by email.  *See* Dkts. 27, 32; *see also* Dkt. 22.[1]  The Orders dated July 22, 2021 and August 24, 2021 stated in simple and clear terms what was required of him.  Despite receiving notice, Mr. Vega has failed to comply with the Orders directing his appearance or response to the motion to dismiss.

There is no indication in the record that the Orders to Mr. Vega have been returned as undeliverable.  Further, to the extent that Mr. Vega has changed residence without informing counsel or the Court, the Court notes that "[t]he case cannot proceed without a current address for the plaintiff and the failure to maintain such an address with the Court is a ground for failure to prosecute" on its own.  *Laney v. Ramirez*, No. 10 Civ. 9063, 2011 WL 6594491, at *1 (S.D.N.Y. Dec. 22, 2011) (citations omitted); *King v. Ponte*, No. 17 Civ. 270, 2017 WL 1745499, at *1 (E.D.N.Y. Apr. 10, 2017) ("Indeed, because litigation cannot proceed without a current address for the plaintiff, courts have repeatedly held that a plaintiff's failure to maintain such an address with the Court is a sufficient ground to dismiss without prejudice for failure to prosecute." (citations and internal quotation marks omitted)).

Third, Mr. Vega's failure to prosecute for nearly nine months has prevented the litigation from moving forward with respect to his claims.  *See Brow v. City of New York*, 391 F. App'x 935, 937 (2d Cir. 2010) (delay of six months sufficient to warrant dismissal under Rule 41(b));

---

[1] Counsel also sent Mr. Vega a text message notifying him of the Court's July 22, 2021 Order granting the withdrawal motion.  *See* Dkt. 22.

*Moton v. Williams*, No. 15 Civ. 6485, 2018 WL 2229126, at *3 (S.D.N.Y. May 16, 2018) (noting that although there is "no magic number" for the length of noncompliance, "courts have deemed delays of three months and less sufficient to warrant dismissal" (internal quotation marks omitted)) (collecting cases), *report and recommendation adopted*, 2018 WL 3384433 (S.D.N.Y. July 11, 2018).

Here, Mr. Vega's failure to prosecute his case has prejudiced defendants.  Resolution of this case has been delayed because of Mr. Vega's continued inaction.  His claims have remained stagnant and cannot move forward without his participation.  The Second Circuit has recognized that "prejudice resulting from unreasonable delay may be presumed as a matter of law." *Peart*, 992 F.2d at 462.

Fourth, given the circumstances of this case, the Court's need for orderly case administration "outweighs any interest in preserving the due process rights of a party that, despite multiple opportunities, has expressed no interest in preserving them." *Golden v. Tapestry Med., Inc.,* No. 14 Civ. 1834, 2017 WL 3868799, at *3 (E.D.N.Y. Sept. 5, 2017); *see also Alomar v. Recard*, No. 07 Civ. 5654, 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) ("It is not an efficient use of the Court's resources to permit this case to languish on the docket in the hope that plaintiff will appear in the future." (internal quotation marks and alterations omitted)). Further, according to the Carey defendants, the parties had previously entered into a settlement agreement releasing the claims alleged in the complaint. *See* Dkt. 30-1 at 1.  Presumably Mr. Vega's decision not to participate in this action stems in part from his prior settlement.

Finally, this Court is not convinced that a lesser sanction would persuade Mr. Vega to participate in this action given the extended period of time over which he has ignored his former counsel, this litigation, and in light of the fact that the Court already has informed him, to no

7

avail, that his ongoing failure to participate may lead to dismissal of his case.  *See Brow*, 391 F.
App'x at 936 (affirming dismissal of *pro se* plaintiff's complaint noting "plaintiff's failure to
comply with the order warning him of the possibility of dismissal demonstrated that lesser
sanctions would be ineffective") (citation omitted); *Agiwal v. Mid Island Mortgage Corp.*, 555
F.3d 298, 302 (2d Cir. 2009) ("[A]ll litigants, including *pro ses*, have an obligation to comply
with court orders . . . and failure to comply may result in sanctions . . . ." (citations omitted)).

**Conclusion**

For the foregoing reasons, this Court recommends that this action be dismissed without
prejudice pursuant to Rule 41(b).  *See* Fed. R. Civ. P. 41(b).

A copy of this Report and Recommendation will be mailed by Chambers to Mr. Vega at
his last known address:  **Nikko Carlos Vega, 890 Bryant Avenue, Apt. 2F, Bronx, New York
10474.**  The Report also will be sent to him by email: **Nkkvg0917@gmail.com**.

Any objections to the recommendations made in this Report must be filed with the
Honorable Carol B. Amon within 14 days after the filing of this Report and Recommendation
and, in any event, on or before **March 4, 2022**.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.
72(b)(2).  Failure to file timely objections may waive the right to appeal the District Court's
order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health &
Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*) (discussing waiver under the former
ten-day limit).

The Clerk is requested to enter this Report and Recommendation into the ECF system.

**SO ORDERED**

Dated: Brooklyn, New York
       February 18, 2022

                                        s/ James R. Cho
                                        James R. Cho
                                        United States Magistrate Judge